# CITATION
## THE STATE OF TEXAS

KCC INC DBA KELLEYS COUNTRY COOKING NBR 5, ET AL VS.
RONALD FOREE

Cause No.: 18-CV-1506
10th District Court of Galveston County

TO: TEXAS FARMERS INSURANCE COMPANY
Agent for Service Chris Granger
15700 Long Vista Drive
Austin TX 78728-3822 or wherever he may be found

Luis Perez, PSC9774
Date 4/2/2019
Time 1:13 pm

**GREETINGS: YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **10th District Court** of Galveston County sitting in Galveston, Texas, and the **First Amended Petition** was filed **March 28, 2019**. It bears cause number **18-CV-1506** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 29th day of March, 2019.**

Issued at the request of:
Jeffrey N Todd
The Todd Law Group PLLC
12929 Gulf Freeway Suite 301
Houston TX 77034

**John D. Kinard**, District Clerk
Galveston County, Texas

By: *Robin Gerhardt*
Robin Gerhardt, Deputy

---

## OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____ _____ in _____ County, Texas, on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the Amended Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

_____
Sheriff/Constable

Amount: _____

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public



RECEIVED
APR 0 2 2019
AUSP

EXHIBIT B

Filed: 3/28/2019 11:00 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 32311248
By: Rolande Kain
3/28/2019 11:49 AM

## CAUSE NO. 18-CV-1506

| | | |
|---|---|---|
| KCC INC DBA KELLEYS COUNTRY COOKING NBR 5, AND TERRI FOLEY,<br>*Plaintiffs,*<br><br>v.<br><br>RONALD FOREE<br><br>*Defendants.* | § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br>10th JUDICIAL DISTRICT<br><br><br>GALVESTON COUNTY, TEXAS |

### PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs KCC INC DBA KELLEYS COUNTRY COOKING NBR 5 and TERRI FOLEY file this First Amended Petition complaining of RONALD FOREE and TEXAS FARMERS INSURANCE COMPANY, and in support thereof show the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Discovery Level 3 pursuant to Texas Rule of Civil Procedure 190.4. This case involves complex issues and may require extensive discovery. Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES AND SERVICE

2. Plaintiff KCC INC DBA KELLEYS COUNTRY COOKING NBR 5 is a Texas company.

3. Plaintiff TERRI FOLEY is a Texas resident.

4. Defendant RONALD FOREE is a natural person residing in Tiki Island, Galveston County, Texas. Defendant has been served.

5. Defendant TEXAS FARMERS INSURANCE COMPANY ("Farmers") is an insurance company engaging in business in Texas and may be served via its agent for service, Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822 or wherever he may be found.

### III. JURISDICTION AND VENUE

6. The Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court. Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

7. Venue is proper in Galveston County, Texas because all or a substantial part of the events giving rise to the claim occurred in Galveston County, Texas.

### IV. FACUTAL BACKGROUND

8. Plaintiffs were the owners of a flood insurance policy issued by Farmers Insurance and RONALD FOREE was the agent/producer of said policy covering the premises owned, occupied and operated by KCC INC DBA KELLEYS COUNTRY COOKING NBR 5.

9. On or about May 4, 2017, Plaintiffs received a premium invoice due June 29, 2017, that represented a significant increase in premiums over the previous years. Immediately upon receipt of same, Plaintiffs contacted their insurance agent, Defendant RONALD FOREE, and inquired about the significant premium increase.

10. Defendant RONALD FOREE, by and through his agents and employees, advised Plaintiffs that the property had been rezoned and that they could appeal to have the property reclassified for a $250.00 fee and Plaintiffs immediately agreed to do so. Thereafter, Plaintiffs followed up with Defendant RONALD FOREE to confirm that they were taking the necessary action and were reassured that it was taken care of. However, after Hurricane Harvey, Plaintiffs approached Defendant RONALD FOREE to get the flood damages taken care of whereupon

Plaintiffs learned that the coverage had lapsed due to RONALD FOREE's failure to take care of the flood policy as they had promised. Consequently, Plaintiffs were not insured for the flood damage and were forced to complete the necessary repairs on their own.

## V.   CAUSES OF ACTION

### A. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

11. Ronald Foree's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

12. Ronald Foree's failures, as described above, to properly procure the necessary policy of insurance, constitutes a breach of the duty of good faith and fair dealing.

### B. BREACH OF CONTRACT

13. Ronald Foree's conduct constitutes a breach of the contract between him and Plaintiffs.

14. Ronald Foree's failure and/or refusal, as described above, to procure the necessary insurance policy, and under the laws of the State of Texas, constitutes a breach of contract with Plaintiffs.

### C. NEGLIGENCE/FALSE MISREPRESENTATION – STATUTORY CLAIMS

15. Ronald Foree owed Plaintiffs a duty of care to act reasonably and prudently when advising Plaintiffs regarding the insurance policy at issue. Ronald Foree breached his duty owed to Plaintiffs, as described above, and Plaintiffs' damages were proximately caused by Ronald Foree's breach. Ronald Foree is therefore liable for common law negligence.

16. Furthermore, §17.50 of the Texas Deceptive Trade Practices Act, ("DTPA"), provides that:

> "(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and

(B) relied on by a consumer to the consumer's detriment; [and/or]

(4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code."

Tex. Bus. & Com. Code Ann. § 17.50 (West).

17. §17.46 of the Texas Deceptive Trade Practices Act, ("DTPA"), defines the following acts as "per se" unlawful practices:

(5) representing that goods or services have... characteristics... benefits... which they do not have;

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve...

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the customer into a transaction into which the consumer would not have entered had the information been disclosed..."

Tex. Bus. & Com. Code Ann. § 17.46 (West).

18. Ronald Foree's failure and/or refusal, as described above, to procure the necessary insurance policy, and under the laws of the State of Texas, constitutes a negligent and false misrepresentations that are actionable by Plaintiffs.

D. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

19. Alternatively and pleading further as may be necessary, Farmers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

20. Farmer' failures, as described above, to properly procure the necessary policy of insurance, constitutes a breach of the duty of good faith and fair dealing.

E. BREACH OF CONTRACT

21. Farmers' conduct constitutes a breach of the contract between them and Plaintiffs.

22. Farmers' failure and/or refusal, as described above, to properly classify Plaintiffs' property and unreasonably increasing the cost of insurance, constitutes a breach of contract with Plaintiffs.

F. NEGLIGENCE/FALSE MISREPRESENTATION – STATUTORY CLAIMS

23. Farmers owed Plaintiffs a duty of care to act reasonably and prudently when advising Plaintiffs regarding the insurance policy at issue. Farmers breached his duty owed to Plaintiffs, as described above, and Plaintiffs' damages were proximately caused by Farmers' breach. Farmers is therefore all liable for common law negligence.

24. Furthermore, §17.50 of the Texas Deceptive Trade Practices Act, ("DTPA"), provides that:

> "(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:
>
> the use or employment by any person of a false, misleading, or deceptive act or practice that is:
>
> (C) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and
>
> (D) relied on by a consumer to the consumer's detriment; [and/or]
>
> (4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code."

Tex. Bus. & Com. Code Ann. § 17.50 (West).

25. §17.46 of the Texas Deceptive Trade Practices Act, ("DTPA"), defines the following acts as "per se" unlawful practices:

> (5) representing that goods or services have… characteristics… benefits… which they do not have;

5

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve…

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the customer into a transaction into which the consumer would not have entered had the information been disclosed…"

Tex. Bus. & Com. Code Ann. § 17.46 (West).

26. Farmers' acts of omission and commission, as described above, to erroneously categorize Plaintiffs' property, constitute a negligent and false misrepresentations that are actionable by Plaintiffs.

27. Moreover, Farmers' mischaracterization, misdesignation, and/or erroneous property evaluation, constitutes negligence. *See Certificate of Merit –attached hereto as "Exhibit A" and incorporated by reference herein.*

28. Plaintiffs do not believe that the acts or omissions of Texas Farmers Insurance Company alleged herein constitute work performed by a licensed professional under Texas law. However, Plaintiffs are furnishing a certificate of merit as may be required in certain circumstances. By doing so, Plaintiffs are not consenting or agreeing that said certificate is even required. Although the specific acts of negligence identified in the Certificate of Merit are fully incorporated herein, for the convenience of the court and jury, Plaintiffs provide the following brief summary of those negligent acts:

Texas Farmers Insurance Company was negligent in remapping the subject property based on incorrect information. Upon learning of the premium increase, Texas Farmers Insurance Company should have re-checked their basis for doing so and immediately corrected the problem.

## VI. DAMAGES

29. Plaintiffs would show that all of the aforementioned acts, taken together or

singularly, constitute the producing causes of the damages sustained by Plaintiffs. These damages are the direct result of Defendants' mishandling of Plaintiffs' insurance policy and needs as set forth above. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim and their reasonable attorney's fees.

30. For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for mental anguish.

31. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or Supreme Court of Texas.

## VII. CONDITIONS PRECEDENT

32. All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## VIII. REQUEST FOR DISCLOSURE

33. Plaintiffs hereby request that all Defendants provide the information listed in Texas Rule of Civil Procedure 194 within fifty days of being served with this request.

## PRAYER

Plaintiffs request that Defendants be cited to appear and answer this petition and that upon final hearing, that Plaintiffs be awarded such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages and treble damages

under the Texas Insurance Code as may be found. In addition, Plaintiffs request an award of attorney's fees for the prosecution and any appeal of this case, for all costs of Court, prejudgment and post-judgment interest, and for any other further relief, either in law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

THE TODD LAW GROUP, PLLC

By: /s/ *Jeffrey N. Todd*
Jeffrey N. Todd
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
832 243-4953
713 583-7818 Facsimile
jeff@jefftoddlaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was forwarded to the counsel listed below, via the method(s) indicated, on this the 3rd day of January, 2019:

**E. Ray Edwards
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063-1708
713 782-6785 Facsimile
eray.edwards@sbcglobal.net
Via Eserve, Facsimile, Email and/or CM, RRR**

/s/ *Jeffrey N. Todd*
**Jeffrey N. Todd**

CAUSE NO. 18-CV-1506

| | | |
|---|---|---|
| KCC INC DBA KELLEYS COUNTRY COOKING NBR 5, AND TERRI FOLEY, <br> *Plaintiffs*, <br><br> v. <br><br> RONALD FOREE <br><br> *Defendants*. | § § § § § § § § § § § | IN THE DISTRICT COURT <br><br><br><br> 10th JUDICIAL DISTRICT <br><br><br> GALVESTON COUNTY, TEXAS |

## DECLARATION OF JAMES GARTRELL

I, James Gartrell, hereby declare as follows:

I am a licensed land surveyor in the State of Texas, registration number 1445, and am in good standing. I am knowledgeable and actively engaged in certifying elevation certificate information on Federal Emergency Management Agency Elevation Certificate Form 086-0-33 (7/15), OMB NO 1660-0008 with an expiration date of November 30, 2018. I am certified and registered to complete the Firm Elevation Certificate since approximately 1971, completing at least three per week since 1971. I make this declaration of my own personal knowledge, and if called as a witness herein, could and would competently testify to the matters asserted in this declaration. The opinions made herein are based on my knowledge, skill, experience, education, training and practice as a land surveyor.

## BACKGROUND

Throughout my almost 47 years of surveying practice, I have concentrated my efforts as a land surveyor. My extensive experience includes the completion of elevation certificates. I have had my own surveying consulting practice since 1961 in the Galveston

1

EXHIBIT "A"

area. I have been an expert witness in various state and federal litigation matters, as well as in administrative hearings, in the area of engineering and as a land surveyor.

I am a registered professional engineer in Texas and have a bachelor's degree in Civil Engineering from Texas A&M. Attached hereto is a copy of my resume.

## DOCUMENTS REVIEWED

I have been retained by Plaintiffs' counsel to supply this declaration in accordance with Tex. Civ. Prac. & Rem. Code §150.001 et seq. In connection with making this declaration, I have reviewed the following documents:

1. Elevation Certificate
2. Various photos of the subject property
3. Premium increase notification
4. Defendants Motion for Leave to Name RFP
5. Plaintiffs' First Amended Petition
6. Section A and Section B information of Elevation Certificate

## UNDERSTANDING OF FACTS

After having reviewed the documentation and data pertinent to this matter, as set forth above, my understanding of the facts in this case are as follows:

1. The Plaintiffs own property located at 1502 West Main in League City, Texas 77573. On or about May 4, 2017, Plaintiffs received a premium invoice due June 29, 2017, that represented a significant increase in premiums over the previous years. Immediately upon receipt of same, Plaintiffs contacted their insurance agent, Defendant RONALD FOREE, and inquired about the significant premium increase.

2

2. The change in premiums was purportedly due to Texas Farmers Insurance Company placing the property in a different flood zone.

3. The subject property flooded during Hurricane Harvey and Plaintifs' insurance had lapsed as a result of the premium increase and non-payment thereafter.

4. Plaintiffs had to pay for the cost of repairs out of their own pocket.

5. I was contacted thereafter to provide a correct elevation certificate and did so on or about November 7, 2017.

6. As a result of my elevation certificate, the property was placed back into the correct zone and reduced the premiums back to previous levels and coverage was obtained.

## OPINIONS

Based on the foregoing documents, as discussed above, and my understanding of the facts, I have the following opinions:

1. If Texas Farmers Insurance Company's rezoning of the subject property was based in any way on a new elevation certificate or rezoning recommended by a surveyor, the determination of the surveyor was clearly erroneous and would not meet any land surveyor standard required to examine an elevation certificate.

2. Any rezoning or error in mapping by a surveyor in this situation would have clearly been below a surveyor's standard of care and should not have been relied upon by Texas Farmers Insurance Company.

3. When Texas Farmers Insurance Company issued the renewal notice on or about May 4, 2017, Texas Farmers Insurance Company personnel

failed to immediately notice the significant increase in the premiums and should have reexamined and corrected the flood zone for the renewal premium.

My name is James Gartrell, Jr., my date of birth is February 1, 1937, and my address is 8410 F.M. 1765, Texas City, Texas 77591. I declare under penalty of perjury that the facts stated in this document are true and correct. My opinions are based on current information and sources. I reserve the right to re-examine and potentially amend these opinions if new and/or additional information is made known to me.

Executed in Galveston County, State of Texas, on March 27th, 2019.

James W. Gartrell, Jr., TX RPLS No. 1445
Declarant

4