UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

KCC, INC. DBA KELLEYS              CIVIL ACTION NO.:
COUNTRY COOKING NBR 5,             3:19-cv-00138
AND TERRI FOLEY,
          PLAINTIFFS,

v.

RONALD FOREE AND TEXAS
FARMERS INSURANCE
COMPANY,
          DEFENDANT.

DEFENDANT TEXAS FARMERS INSURANCE COMPANY'S
<u>ANSWER TO FIRST AMENDED PETITION AND AFFIRMATIVE DEFENSES</u>

**NOW INTO COURT**, comes Defendant, Texas Farmers Insurance Company ("Texas Farmers"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States",[3] at the expense of the United States Treasury,[4] for the purpose of responding to Plaintiff's First Amended Petition ("Complaint") and asserting Affirmative Defenses thereto:

### I. DISCOVERY CONTROL PLAN

1.    The allegations contained in paragraph 1 of the Plaintiff's Complaint are denied. Any and all discovery in this case will be governed and completed pursuant to the Federal Rules of Civil Procedure and any other orders of this District Court.

---

[1] *See* 42 U.S.C. § 4001, *et seq.*; *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland*, 143 F.3d at 953.
[4] *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

## II. PARTIES AND SERVICE

2.      The allegations contained in paragraph 2 of the Plaintiff's Complaint are admitted upon information and belief.

3.      The allegations contained in paragraph 3 of the Plaintiff's Complaint are admitted upon information and belief.

4.      The allegations contained in paragraph 4 of the Plaintiff's Complaint are admitted upon information and belief.

5.      The allegations contained in paragraph 5 of the Plaintiff's Complaint are admitted to the extent that they establish federal jurisdiction on this lawsuit. In further answer, Texas Farmers admits that it acted at all times pertinent herein in its capacity as a WYO Program carrier participating in the U.S. Government's National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968, as amended, and appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" and at the expense of the U.S. Treasury. All remaining allegations in paragraph 5 of the Complaint not specifically admitted herein are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

6.      The allegations contained in paragraph 6 of the Plaintiff's Complaint are admitted to the extent that they establish federal jurisdiction on this lawsuit In further answer, Texas Farmers admits that it acted at all times pertinent herein in its capacity as a WYO Program carrier participating in the U.S. Government's National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968, as amended, and appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" and at the expense of the U.S. Treasury. All remaining

allegations in paragraph 6 of the Complaint not specifically admitted herein are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

7.      The allegations contained in paragraph 7 of the Plaintiff's Complaint are admitted to the extent that they establish federal venue on this lawsuit In further answer, Texas Farmers admits that it acted at all times pertinent herein in its capacity as a WYO Program carrier participating in the U.S. Government's National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968, as amended, and appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" and at the expense of the U.S. Treasury. All remaining allegations in paragraph 7 of the Complaint not specifically admitted herein are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

### IV. FACTUAL BACKGROUND

8.      The allegations contained in paragraph 8 of the Plaintiff's Complaint are admitted in part and denied in part. Texas Farmers admits that it acted at all times pertinent herein in its capacity as a WYO flood program insurance carrier and in that capacity issued Standard Flood Insurance Policy ("SFIP") number 06001141092016 to Ronald Foree for the property located at 1502 W. Main Street, League City, Texas, which was in effect for the term of June 29, 2016 to June 29, 2017. Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(2), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*.  All remaining allegations in paragraph 8 of the Complaint not specifically admitted herein are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

9.      The allegations contained in paragraph 9 of the Plaintiff's Complaint are admitted in part and denied in part. Texas Farmers admits that Plaintiff received a premium invoice due June 29,

2017 to renew Standard Flood Insurance Policy ("SFIP") number 06001141092016 for the property located at 1502 W. Main Street, League City, Texas, to become effective for the term of June 29, 2017 to June 29, 2018. However, Plaintiff failed to submit the requisite premium due and therefore, SFIP number 06001141092016 for the property located at 1502 W. Main Street, League City, Texas lapsed on June 29, 2017. Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(2), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*. All remaining allegations in paragraph 9 of the Complaint not specifically admitted herein are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

10.    The allegations contained in paragraph 10 of the Plaintiff's Complaint are admitted in part and denied in part. Texas Farmers admits that Plaintiff received a premium invoice due June 29, 2017 to renew Standard Flood Insurance Policy ("SFIP") number 06001141092016 for the property located at 1502 W. Main Street, League City, Texas, to become effective for the term of June 29, 2017 to June 29, 2018. However, Plaintiff failed to submit the requisite premium due and therefore, SFIP number 06001141092016 for the property located at 1502 W. Main Street, League City, Texas lapsed on June 29, 2017 and Plaintiff's flood claim for damages for a date of loss of August 26, 2017 stemming from Hurricane Harvey was denied because the flood policy expired for non-payment of premium on June 29, 2017 and was not reinstated until September 30, 2017. Answering further, the SFIP, itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(2), is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and pled herein by reference as if copied *in extenso*. All remaining allegations

in paragraph 10 of the Complaint not specifically admitted herein are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

## V. CAUSES OF ACTION

### A. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

11.    The allegations contained in paragraph 11 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

12.    The allegations contained in paragraph 12 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

### B.    BREACH OF CONTRACT

13.    The allegations contained in paragraph 13 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

14.    The allegations contained in paragraph 14 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

## C.    NEGLIGENCE/FALSE MISREPRESENTATION- STATUTORY CLAIMS

15.    The allegations contained in paragraph 15 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

16.    The allegations contained in paragraph 16 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

17.    The allegations contained in paragraph 17 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal

constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

18.    The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

**D.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

19.    The allegations contained in paragraph 19 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

20.    The allegations contained in paragraph 20 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

**E.    BREACH OF CONTRACT**

21.    The allegations contained in paragraph 21 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

22.    The allegations contained in paragraph 22 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

**F.    NEGLIGENCE/FALSE MISREPRESENTATION- SATUTORY CLAIMS**

23.    The allegations contained in paragraph 23 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

24.    The allegations contained in paragraph 24 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss

claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

25.     The allegations contained in paragraph 25 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

26.     The allegations contained in paragraph 26 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

27.     The allegations contained in paragraph 27 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

28.     The allegations contained in paragraph 28 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer,

all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

29.     The allegations contained in the unnumbered paragraph listed after paragraph 28 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

## VI.    DAMAGES

30.     The allegations contained in paragraph 29 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

31.     The allegations contained in paragraph 30 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal

constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

32.     The allegations contained in paragraph 31 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

## VII.    CONDITIONS PRECEDENT

33.     The allegations contained in paragraph 32 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

## VIII.    REQUEST FOR DISCLOSURE

34.     The allegations contained in paragraph 33 of the Plaintiff's Complaint are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. In further answer, all state law based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP and administration of an existing SFIP are preempted and barred by federal constitutional, regulatory and statutory law. To the extent that Plaintiff is seeking extra-contractual and tort claims under federal law, Defendant asserts that no right of action exists.

## PRAYER

35.     The allegations contained in the Prayer paragraph of the Plaintiff's Complaint are denied

as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.  In further

answer, all state law based extra-contractual and tort claims arising out of the handling of the flood

loss claim under the SFIP and administration of an existing SFIP are preempted and barred by

federal constitutional, regulatory and statutory law.  To the extent that Plaintiff is seeking extra-

contractual and tort claims under federal law, Defendant asserts that no right of action exists.

AND NOW, IN FURTHER ANSWER, COMES Defendant, Texas Farmers Insurance

Company, to submit the following Affirmative Defenses to Plaintiff's Complaint:

## NO CAUSE OF ACTION

The Plaintiff's Complaint fails to contain claims upon which relief may be granted by this

Honorable Court.

## NO RIGHT OF ACTION

There are no "implied" private rights of action available in the context of the

comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the

National Flood Insurance Program. To the extent that the Plaintiff seeks any recovery from Texas

Farmers under federal law beyond what is provided for in the text of the SFIP, Texas Farmers

affirmatively asserts that no right of action exists.

## THE INSURING AGREEMENT

The responsibilities of the WYO Program carrier, Texas Farmers, to the insured, and vice

versa, are provided in the insuring agreement of the SFIP.  44 C.F.R. Pt. 61, App. A(2) at

"Agreement."  Pursuant to that regulation/contract, the insured has no cause to complain of the

strictures of the NFIP, for he agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

## CHARGED WITH KNOWLEDGE AND NO DETRIMENTAL RELIANCE

As a matter of federal law, Plaintiff is charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP. *See*, *Fed. Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51 (1984). Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. § 61.5(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler*, Plaintiff is charged with knowing all the terms and conditions of FEMA published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins. *Heckler*, 467 U.S. at 63. Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7) and (8); *see also Heckler*, 467 U.S. at 63; *Richmond Printing LLC v. Dir., FEMA*, 72 F.App'x 92, 97-98 (5th Cir. 2003); *Worthen v. Galveston Ins. Assocs.*, No. Civ.A. H-02-4795, 2010 WL 3816044, *2 (S.D.Tex. 2000); *Ellis v. Allstate Ins. Co.*, No. Civ.A. H-02-4795, 2005 WL 1155060, *6 (S.D.Tex. 2005).

## DUTIES OF THE INSURED

The insured is responsible for reading the SFIP, as well as any renewal and/or cancellation notices, and is presumed to know the provisions of the policy, including the insurer's limits of liability, coverages and exclusions.

## THE DECLARATIONS PAGE

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the insured

is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(2), *in pari materia* with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

## FISCAL AGENT STATUS

By statute, Texas Farmers is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). By regulation, Texas Farmers' fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. § 62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. § 4019.  Those standards govern all of the WYO Program companies and all insured in a nationally uniform manner.

## DEFINITIONS

Texas Farmers pleads 44 C.F.R. Pt. 61, App. A(2), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Policy, Building, Declarations Page, Dwelling, Direct Physical Loss By or From Flood, Flood, You, Your, Valued Policy, etc. Texas Farmers further avers that said definitions must be strictly construed, interpreted and enforced.

## LIMITATIONS OF COVERAGES

Texas Farmers avers as an affirmative defense those provisions and limitations of coverage contained at ARTICLE III of the SFIP.

## STRICT CONSTRUCTION AND INTERPRETATION

Texas Farmers pleads that, as all claims under the SFIP are made with U.S. Treasury funds out of segregated accounts maintained by the WYO Program carrier in compliance with the

"Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution. *See* 42 U.S.C. § 4071(a)(1). Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties. *Grissom*, 678 F.3d. 397.

## U.S. TREASURY FUNDS PAY ALL EXPENSES

All expenses and costs in this matter are being borne out of U.S. Treasury funds. Further, any judgment that may be cast in this matter also will come from federal funds.

## CONDITIONS PRECEDENT

The SFIP expressly conditions the right to sue for further benefits under the policy upon the insured's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the insured is seeking under the policy, the insured must meet the burden of proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. *See* 44 C.F.R. Pt. 61, App. A(2), Art. VII, each provision of which is expressly plead herein by reference.

## DOCUMENTATION AND PROOF OF COMPLETED REPAIRS

Defendant asserts that Plaintiff failed to provide sufficient documentation and proof of repairs in support of any further amounts claimed as required by SFIP Articles VII(J)(3), VII(J)(4)(f) and (i), and VII(V) and failed to submit sufficient documentation and a proper Proof of Loss to support the amounts sought in the pre-suit demand pursuant to FEMA Bulletin W-14058. Pursuant to Article VII(K) of the SFIP, Defendant is specifically requesting in writing that the insured furnish a complete inventory of the lost, damaged, or destroyed property, including

quantities and cost, actual cash values, amounts of loss claimed, and any written plans, line-by-line item estimates and specifications for repair. Further, as per Article VII(J)(3) and VII(V), the insured must attach all bills, receipts and related documents, particularly if the repairs have been completed or are in progress. Additionally, the insured should provide the requested documentation in such a format as to clearly show how the materials, supplies and repairs correlate to damaged items claimed.

## WAIVERS

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements. *See* 44 C.F.R. §§ 61.13(d), 62.23(k); SFIP Article VII(D), which are pled herein as though contained *in extenso*. Texas Farmers affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. The Federal Insurance Administrator ("FIA") is the sole authority. Texas Farmers is not aware of any waiver specific to the Plaintiff in the captioned matter.

## TIME LIMITATIONS

In the event Plaintiff's lawsuit was not filed in federal court within 12 months of the date of any written denial or partial denial from Texas Farmers to the insured then Plaintiff's suit is time barred. *See* 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(2), Art. VII(R).

## NO BREACH OF DUTY

There was no breach of any duty owed by Texas Farmers to the Plaintiff. There was no causation and no damage attributable to any alleged act, error or omission by Texas Farmers in this case. Texas Farmers avers that the Plaintiff has not been damaged as a result of any alleged action or inaction on the part of Texas Farmers.

## MITIGATION

If any of the insured's damages are a result of a failure by the insured to take reasonable steps to mitigate the loss, those damages are not recoverable.

## CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the insured beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this Program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the States have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act (15 U.S.C §§ 1011-15), Texas Farmers asserts under the Commerce Clause that the States have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Texas Farmers respectfully submits that the role of the courts in a dispute of this type is limited by the principles contained by the Supreme Court in the section on "policy" in *Chevron v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984).

## PAYMENT FOR THE HANDLING OF CLAIMS

Texas Farmers has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a fee for every dollar paid to an insured under an SFIP.  In other words, the greater the amount paid to an insured under an SFIP, the higher the fee the WYO Program carrier will receive from the federal government for handling the claim.

## PRIOR PAYMENTS

Texas Farmers asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## LOSS PAYMENT AND LOSS PAYEES

Defendant asserts SFIP Article VII(M) – LOSS PAYMENT, and all sub-parts thereto, as an affirmative defense. In the event of any recovery by the insured, Texas Farmers affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

## IMPROPER PAYMENTS INFORMATION ACT

Unless Plaintiff can establish that she has submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002. 31 U.S.C. § 3321 note (Supp. III 2003).

## PREEMPTION

All federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for attorney fees, costs, pre- and post-judgment interest, etc.

## NO INTEREST RULE

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

## CONSEQUENTIAL DAMAGES

Because the SFIP only pays for damages caused directly by or from flood, no consequential damages are allowed.

## CLAIMS ADJUSTMENTS

Texas Farmers pleads 44 C.F.R. § 62.23(i)(1) and (2), in their entirety, as though contained herein *in extenso*. Under the terms of the "Arrangement", WYO Companies will adjust claims in accordance with general Company standards, guided by the NFIP Adjuster Manuals. Further, the WYO Company may use its staff adjusters, independent adjusters, or both. The WYO's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters. The independent adjuster may not make final determinations as to coverage as a matter of law.

## NOT GENERAL AGENT

Defendant is not the general agent of the U.S. Government. *See* 44 C.F.R. § 62.23(g).

## SFIP IS A SINGLE RISK POLICY

The Plaintiff is not entitled to recover federal flood benefits under one SFIP for more than one dwelling, as the SFIP is a single-risk policy which only covers damages caused directly by or from flood. *See* Articles I and II (B)(21) of the SFIP.

## COMPLIANCE REQUIREMENT

Defendant asserts as an affirmative defense 44 C.F.R. § 60.3, which requires that any structure that has been substantially damaged be brought into compliance with FEMA's flood plain management plan. The costs associated with compliance are subject to the terms, exclusions and limitations of the SFIP, including Coverage D, Increased Cost of Compliance.

## PROPERTY COVERED

Defendant asserts as an affirmative defense the provisions of ARTICLE III-PROPERTY COVERED which includes those specific items of property for which coverage is provided and/or restricted under the SFIP even if the damages to those items were caused directly by or from flooding.

## PROPERTY NOT COVERED

Defendant avers as an affirmative defense the provisions of ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP even if the damages to those items were caused directly by or from flooding.  See 44 C.F.C. Pt. 61, App. A(2).

## EXCLUSIONS

Defendant avers as an affirmative defense those exclusions contained in ARTICLE V – EXCLUSIONS, particularly including but not limited to earth movement, water, moisture, mildew and mold exclusions.

## EARTH MOVEMENT EXCLUDED

Defendant avers as an affirmative defense that the SFIP does not insure for loss to property caused directly by earth movement even if the earth movement is caused by flood, including, but not limited to, land subsidence and destabilized or movement of land that results from accumulation of water in substance land area.  *See* 44 C.F.C. Pt. 61, App. A(2), Article V(C).

## LOSS SETTLEMENT

Defendant avers as an affirmative defense the provisions set forth in 44 C.F.C. Pt. 61, App. A(2), Article VII(V) – LOSS SETTLEMENT.

## PRIOR LOSS

If it is determined that Plaintiff's property suffered a prior flood loss for which the insured at the time of the prior flood loss was compensated, but proper repairs were not made to the property, then Defendant avers that payment cannot be made again for those same damages. The burden is on the Plaintiff to present proof that the prior loss was remediated and that additional payments are not duplicative. Defendant asserts, but is not limited to SFIP Article VII(K) in this regard.

## APPRAISAL CLAUSE

If this Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(2), Art. VII(P).

## AGENT OF THE INSURED

Pursuant to 44 C.F.R. § 61.5(e), the duly licensed property and casualty insurance agent acts for the insured and not for the WYO carrier. Further, any representations which are contrary to the terms and conditions of the SFIP are void. Moreover, any reliance upon such purported representations is void as a matter of law.

## BINDERS

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiff seeks to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

## OFFSET & DOUBLE RECOVERY

There can be no double recovery for the alleged flood damages. Moreover, Defendant would be entitled to an offset of the percentage of liability attributable to third parties. In addition, Plaintiff's claims may be barred or reduced in part by the comparative negligence of the Plaintiff or third parties that contributed to the Plaintiff's negligence.

## PROOF OF LOSS REQUIREMENT

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(2), Art. VII(J)(4). It is Plaintiff's burden to establish that she strictly complied with 44 C.F.R. Pt. 61, App. A(2), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit pursuant to 44 C.F.R. Pt. 61, App. A(2), Art. VII(R). Defendant specifically asserts that Plaintiff failed to timely submit a valid, properly signed and sworn Proof of Loss supported by proper documentation of covered and payable damages caused directly by or from flood to support their claim for additional U.S. Treasury funds.

## RE-INSPECTION OF PROPERTY

Defendant asserts that it has not been given the opportunity to re-inspect the insured property pursuant to the Plaintiff's request for additional payment in order to verify the complained of loss as is mandated in 44 C.F.R. § 62.23(i)(2).  *See* the provisions of the FEMA NFIP *Flood Insurance Claims Handbook*, at page 7, which Defendant asserts as a right and a defense.

## OVERHEAD AND PROFIT

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiff is not entitled to overhead and profit. Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

## OFFICE OF GENERAL COUNSEL REVIEW

Defendant asserts that it reported this litigation to FEMA as required after it was served with this lawsuit as required per the "Arrangement," and that Defendant has not received any correspondence from the Federal Insurance Administrator, FEMA, or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the Arrangement.

## ANTI-ASSIGNMENT OF CLAIMS ACT

Defendant asserts that any assignment of SFIP benefits must comply with the Anti-Assignment of Claims Act.

## FEMA FLOOD INSURANCE MANUAL

Texas Farmers asserts that the FEMA Flood Insurance Manual, promulgated by FEMA under authority of the U.S. Congress, governs all underwriting aspects of Plaintiff's SFIP, including but not limited to, requirements for the renewal of an NFIP SFIP. See https://www.fema.gov/flood-insurance-manual.

## THE ARRANGEMENT

Texas Farmers, as a participating WYO Program carrier, is strictly bound by the "Arrangement" found at https://www.fema.gov/media-library/assets/documents/17972.

## FEMA BULLETINS

Per the *Arrangement* (Arts. I(5) and (6), II(A)(2) and (G)), Texas Farmers shall abide by written guidance published by FEMA.

## THE SFIP IS THE BEST EVIDENCE OF ITS CONTENTS

The SFIP, codified at 44 C.F.R. Part 61, Appendix A(2), is the best evidence of the terms and conditions of said federal insurance policy.

## FEMA ADJUSTER CLAIMS MANUAL

Texas Farmers asserts that the FEMA Adjuster Claims Manual, promulgated by FEMA under authority of the U.S. Congress, governs claim adjustment aspects of Plaintiff's SFIP.  *See*, https://www.fema.gov/media-library/assets/documents/2675.

## FAILURE TO RENEW

Texas Farmers asserts that Plaintiff failed to submit the proper premium to renew his SFIP and therefore allowed his SFIP to lapse prior to the claimed loss and therefore Texas Farmers cannot issue any payments to Plaintiff for the subject claim as a matter of law.

## FAILURE TO ESTABLISH COVERAGE

Texas Farmers asserts that Plaintiff failed to submit the proper premium to renew his SFIP in violation of SFIP Article I and therefore Texas Farmers cannot issue any payments to Plaintiff for the subject claim as a matter of law.

## DENIAL OF REMAINING ALLEGATIONS

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in the Plaintiff's Complaint that have not been specifically admitted are hereby denied.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiff's Complaint and to assert additional affirmative defenses as future discovery may warrant and require.

## PRAYER

WHEREFORE, Texas Farmers Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had,

that there be judgment herein dismissing all claims of Plaintiff against Defendant, Texas Farmers,

with prejudice, and at Plaintiff's costs.

Dated: April 23, 2019.                    Respectfully submitted,

**NIELSEN & TREAS, LLC**

*/s/ Keith M. Detweiler*
Keith M. Detweiler
Texas State Bar #24052089
USDC SDTX #968480
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500; F: (504) 832-9165
Email: kdetweiler@nt-lawfirm.com

**BAKER & HOSTETLER, LLP**
Douglas D. D'Arche
State Bar No. 00793582
Federal ID No. 19437
Bradley K. Jones
State Bar No. 24060041
Federal ID No. 931122
811 Main St., Suite 1100
Houston, Texas 77002
P: (713) 751-1600; F: (713) 751-1717
E-mail: ddarche@bakerlaw.com
bkjones@bakerlaw.com

**COUNSEL FOR DEFENDANT, TEXAS
FARMERS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF System this 23rd day of April, 2019.

Jeffrey N. Todd
The Todd Law Group, PLLC
12929 Gulf Freeway, Suite 301
Houston, TX 77034
Counsel for Plaintiffs

Earnest Ray Edwards
7500 San Felipe, Ste 777
Houston, TX 77063-1709
Counsel for Ronald Foree

*/s/ Keith M. Detweiler*
Keith M. Detweiler